16 F.3d 1218
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Peter J. BOSCHIAN, Petitioner-Appellant,
v.
Joseph B. BOGAN, Respondent-Appellee.
 No. 93-2019.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1994.
 
 1
 Before: KEITH and RYAN, Circuit Judges, and JOHNSTONE, Senior District Judge.*
 
 ORDER
 
 2
 Peter J. Boschian, a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On June 14, 1989, Boschian was arrested by federal officials. He was subsequently released on bond to Michigan officials on June 21, 1989. On September 4, 1990, federal officials again took Boschian into custody pursuant to a writ of habeas corpus ad prosequendum. Boschian pleaded guilty in the United States District Court for the Eastern District of Michigan for conspiring to distribute cocaine and for income tax evasion. On March 27, 1991, Boschian was sentenced to twelve years of imprisonment on the conspiracy conviction and to a concurrent one year term on the tax conviction. The district court recommended that the Bureau of Prisons give Boschian credit for time served from June 14, 1989. On April 12, 1991, Boschian was returned to the custody of state officials.
 
 
 4
 On April 15, 1991, a Michigan circuit judge sentenced Boschian to a term of 12 to 20 years of imprisonment for possessing a controlled substance. The court stated that the state sentence was to run concurrently with the federal sentence. Boschian was given 664 days of jail credit on his state sentence. On April 16, 1991, state officials delivered Boschian to federal authorities so he could begin serving his federal sentence. Federal officials gave Boschian jail credit from June 14, 1989, through June 21, 1989.
 
 
 5
 In 1992, Boschian challenged the computation of his federal sentence by filing an administrative complaint. When the prison's acting warden denied Boschian's request for sentence credit, Boschian appealed to the Regional Director of the Bureau of Prisons. The Regional Director received the appeal on November 30, 1992, and denied it as untimely. Boschian did not appeal the Regional Director's decision to the Central Office of the Bureau of Prisons.
 
 
 6
 On April 22, 1993, Boschian filed his habeas petition claiming that he was entitled to sentence credits of 438 days. The district court noted that although Boschian had not exhausted his available administrative remedies, such exhaustion would be futile because the time had expired in which to file an appeal to the Central Office. The district court addressed the merits of the claim and concluded that Boschian was not entitled to habeas relief.
 
 
 7
 In his timely appeal, Boschian argues that: (1) because his federal sentence was a downward departure under the Sentencing Guidelines, the departure supersedes the provisions of 18 U.S.C. Sec. 3585(b): (2) he was entitled to have his federal sentence credited with the time he spent in the state facility; and (3) the district court erroneously denied his request for an extension of time to file a reply brief. He requests the appointment of counsel and oral argument.
 
 
 8
 This court's review of the denial of a writ of habeas corpus is de novo. See Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990).
 
 
 9
 Boschian's sentence reduction argument is not reviewable on appeal because it was not first presented to the district court. Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). He is not entitled to 438 days credit towards his federal sentence because this time period has already been credited to his state sentence. See United States v. Wilson, 112 S.Ct. 1351, 1353-56 (1992). Finally, Boschian was properly denied the opportunity to file a reply brief.
 
 
 10
 Accordingly, we deny the requests for relief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Edward H. Johnstone, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation